UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: _____

ELECTRICIANS LOCAL UNION NO. 606 PENSION-ANNUITY FUND: WILLIAM "CLAY" MCNEELY, ROBERT COPPERSMITH, CURTIS DUFFIELD, ROY LONG, JASON SHINNEMAN and KENNETH WOOTON, JR. as Trustees of ELECTRICIANS LOCAL UNION NO. 606 PENSION-ANNUITY FUND; CENTRAL FLORIDA ELECTRICAL JATC; DOUGLAS CARTER, MICHAEL DUFFIELD, SCOTT MADDOX, CARL WILLIAMS, HERMAN HUDSON, LORRAINE LLAUGER, LARY KIDD and TERESA ALCANTAR as Trustees of CENTRAL FLORIDA ELECTRICAL JATC ; and the NATIONAL ELECTRICAL BENEFIT FUND and LAWRENCE J. BRADLEY, as FIDUCIARY of the NATIONAL ELECTRICAL BENEFIT FUND; LOCAL 606 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO

Plaintiffs,

v.

ELECTRIC COMPANY OF SOUTH FLORIDA, INC.
a Florida Corporation,

Defendants.
_____/

## COMPLAINT

### GENERAL ALLEGATIONS

**COME NOW** the Plaintiffs, by and through their undersigned attorney, and file this Complaint against Defendant, **ELECTRIC COMPANY OF SOUTH FLORIDA, INC.**, and allege the following:

1. This Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended (29 USC §185),

hereinafter referred to as the "Act", and §502 and §515 of the Employee Retirement Income Security Act of 1974 (29 USC §1132 and §1145) hereinafter referred to as "ERISA".

2. Plaintiffs are as follows:

   A. The named Pension Fund, National Electric Benefit Fund, and Apprenticeship Trust Fund are Employee Benefit Plans (hereinafter "Funds") which are multi-employer employee benefit plans within the meaning of ERISA.

   B. The named individuals are Trustees and Fiduciaries (hereinafter "Trustees") of the named employee benefit plans.

   C. Local 606 of the International Brotherhood of Electrical Workers, AFL-CIO (hereinafter Union) is an unincorporated labor organization.

3. The Defendant is a corporation organized and existing under the laws of Florida.

4. According to the records of the Division of Corporations of the Defendant has its principal place at 1451 W. Cypress Creek Road, Fort Lauderdale, FL..

5. The work for which contributions are due includes work performed in Orange County, within this judicial district.

6. The Defendant is an employer engaged in commerce within the meaning of the Act.

## COUNT I

### TRUSTEES AND EMPLOYEE BENEFIT PLANS CLAIM FOR UNPAID CONTRIBUTIONS (CURRENT AND FUTURE), LIQUIDATED DAMAGES, INTEREST AND ATTORNEY'S FEES UNDER ERISA §502 AND §515

Plaintiffs Plans and Trustees sue Defendant and allege:

7. Plaintiffs' re-allege and adopt by reference the allegations in

paragraphs 1 - 6.

8. The Defendant is bound by a Collective Bargaining Agreement with the Union, copies of which are attached hereto and made part hereof and are designated as Plaintiffs' Exhibit "A" "B" and "C".

9. As a result of the collective bargaining between Defendant and the International Brotherhood of Electrical Workers Local Union 606, (hereafter "IBEW 915"), the Defendant is obligated to make contributions to the Plaintiffs under the terms of the resulting collectively bargained agreements.

10. The contributions due are for work performed in this judicial district during 2016

11. The Defendant has failed to pay the contributions due in a timely manner.

12. The Plaintiffs are entitled to an audit of the books and records of the Defendant to determine that appropriate contributions have been made.

13. The Plaintiffs are entitled to a reasonable attorney's fee for the maintenance of this action and the costs of bringing this action.

14. Plaintiffs are entitled to liquidated damages, both for the contributions currently unpaid as well as payments due after filing of suit herein, pursuant to the collectively bargained agreement and/or Trust Agreement and/or ERISA.

**WHEREFORE,** Plaintiffs' Plans and Trustees pray that this Court grant unto them the following relief:

15. That the Defendant be ordered to pay a reasonable attorney's fee for the prosecution and maintenance of this action, costs for bringing this action, interest and liquidated damages.

16. That a Final Judgment for damages be entered in favor of the Plaintiffs' Plans and Trustees and against the Defendant by reason of

the above for:

    A.    Unpaid contributions, both prior to and after filing suit herein.

    B.    liquidated damages.

    C.    Interest.

    D.    Reasonable attorney's fees.

    E.    Costs

17. That the Court grant such other relief as it deems just and proper.

## COUNT II

### UNION CLAIM FOR UNPAID DUES CHECKOFF PAYMENTS WITHHELD FROM WAGES OF EMPLOYEES

Plaintiff, Union sues Defendant and allege:

18. Plaintiffs' re-allege and adopt by reference the allegations in paragraphs 1 - 6.and 8.

19. Pursuant to the collective bargaining agreement, the Defendant has withheld dues check-off payments from the wages of its employees but has failed and refused to remit such contributions to the Union in accordance with the collective bargaining agreement.

20. The Defendant has failed to pay the contributions due in a timely manner.

21. The Plaintiffs are entitled to an audit of the books and records of the Defendant to determine that appropriate dues check off payments are received.

22. The Union is entitled to a judgment for the unpaid dues check-off payments.

**WHEREFORE,** Plaintiffs' Union pray that this Court grant unto them the following relief:

23. That a Final Judgment for damages be entered in favor of the Plaintiff

Union and Trustees against the Defendant by reason of the above.

Dated: November 14, 2016

Respectfully submitted,

        Respectfully submitted,
        **VENABLE LAW FIRM, P.A.**

        By   S/W. Eric Venable
            W. Eric Venable, Esquire
            Trial Attorney for Plaintiffs
            Florida Bar: 149593
            7402 N. 56th Street, Suite 380
            Tampa, Florida 33617
            (813) 985-7122 - Telephone
            (813) 985-8622 - Facsimile
            wericvenablepa@tampabay.rr.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Complaint has been furnished to the Secretary of Treasury and the Secretary of Labor in accordance with the Employee Retirement Income Security Act of 1974, by U.S. Mail, Certified Mail/Return Receipt Requested, this 14th day of November, 2016.

        Respectfully submitted,
        **VENABLE LAW FIRM, P.A.**
        By   S/W. Eric Venable
            W. Eric Venable, Esquire
            Trial Attorney for Plaintiffs
            Florida Bar: 149593
            7402 N. 56th Street, Suite 380
            Tampa, Florida 33617
            (813) 985-7122 - Telephone
            (813) 985-8622 - Facsimile
            wericvenablepa@tampabay.rr.com

Z:\Main Files\DLIT\IBEW 606\IBEW606-Electric Co South FL\Complaint 2016.wpd